**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DYLAN M. BROWN,

      Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

      Respondent.

**CASE NO. 2:20-CV-01295
JUDGE SARAH D. MORRISON
Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, Respondent's Motion to Dismiss, Petitioner's Reply, and the exhibits of the parties.  For the reasons that follow, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 11) be **GRANTED** and that this action be **DISMISSED.**

### I.    BACKGROUND

Petitioner challenges his convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on eight counts of robbery.  The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} Brown was indicted on June 23, 2016, on 16 counts of robbery, 6 counts of aggravated robbery, and 1 count of having a weapon under disability, relating to multiple robberies committed earlier that month. Brown initially entered a plea of not guilty and was provided with appointed counsel. On December 6, 2016, Brown entered guilty pleas on 8 counts of robbery; the plea agreement included a joint recommendation of 16 years' incarceration and the prosecution requested a nolle prosequi on the other counts in the indictment. The same day, the trial court conducted a sentencing hearing and imposed a sentence of 2 years on each count to which Brown pled guilty, to be served consecutively to each other, for a total sentence of 16 years' imprisonment.

> {¶ 3} On November 16, 2017, Brown filed a pro se motion to withdraw his guilty plea, asserting he was not competent to enter a guilty plea at the time of the plea hearing and that he received ineffective assistance of counsel because his counsel did not assert an insanity defense or seek a competency hearing. Plaintiff-appellee, State of Ohio, filed a memorandum in opposition to Brown's motion to withdraw the guilty plea. The trial court denied Brown's motion, concluding he failed to establish that a manifest injustice occurred when the court accepted his guilty plea. The court found that although Brown claimed he was denied medical assistance while in the county jail and suffered from ongoing mental health issues that prevented him from entering a knowing, voluntary, and intelligent plea, he failed to provide any evidence or affidavit to support these claims. The court also found Brown failed to establish he received ineffective assistance of counsel because there was no evidence of behavior that would have warranted a competency hearing; therefore, the court concluded his counsel did not perform deficiently by failing to request a competency hearing or mental evaluation.
>
> Assignments of Error
>
> {¶ 4} Brown appeals and assigns the following two assignments of error:
>
> [I.] The Trial Court abused its discretion in denying Appellant's Motion to Withdraw Guilty Plea in violation of Appellant's rights under Ohio Criminal Rule 32.1 and the United States and Ohio Constitutions.
>
> [II.] Appellant did not receive effective assistance of counsel in entering his guilty plea in violation of his rights under the Ohio Constitution and the 14th and 6th Amendments to the United States Constitution.

*State v. Brown*, 10th Dist. No. 18AP-112, 2018 WL 6571195, at * (Ohio Ct. App. Dec. 13, 2018). On December 13, 2018, the appellate court affirmed the trial court's judgment. *Id*. On March 6, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Brown*, 154 Ohio St.3d 1522 (Ohio 2019). On March 4, 2019, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 9, PAGEID # 177.) On April 30, 2019, the appellate court denied the Rule 26(B) application. (PAGEID # 190.) Petitioner did not file an appeal.

On March 5, 2020, Petitioner executed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. (ECF No. 1, PAGEID # 11.) He asserts that he was denied the effective assistance

2

of counsel because his attorney failed to request a competency hearing or a psychological evaluation and failed to file a motion to suppress his statements to police (claims one and three); and that his guilty plea was not knowing, intelligent, or voluntary (claim two). It is the Respondent's position that this action should be dismissed as barred by the on-year statute of limitations.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Construing the running of the statute of limitations to the benefit of the Petitioner, the Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on

January 16, 2017,[1] when the time period expired to file a timely appeal from the trial court's December 15, 2016, amended entry of judgment. (ECF No. 9, PAGEID # 67.) *See Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-501, 2016 WL 3855206, at * (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter,* 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App. R. 4(A)); *Coffey v. Warden, Warren Corr. Inst.,* No. 1:06CV717, 2007 WL 951619, at *3-4 (S.D. Ohio March 28, 2007) (the filing of a motion to withdraw guilty plea tolls, but does not re-start, the running of the statute of limitations)(citations omitted). The statute of limitations began to run on the following day, and ran for a period of 304 days, until November 16, 2017, when Petitioner filed a motion to withdraw his guilty plea. That action, and Petitioner's subsequent Rule 26(B) application, tolled the running of the statute of limitations under § 2244(d)(2) until June 14, 2019, when the time period expired to file an appeal to the Ohio Supreme Court from the appellate court's April 30, 2019 denial of Petitioner's 26(B) application. *See Marrero v. Belmont Corr. Inst.*, No. 1:13-cv-216, 2014 WL 2949331, at *7 (N.D. Ohio June 10, 2014) ("While not clearly established, authority in [the Sixth Circuit] suggests that a petitioner's one-year period of time is tolled during the period of time during which he may appeal a state appellate court's decision to the Ohio Supreme Court, regardless of whether he does so.") (citing *Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010); *Nunez v. Coleman*, No. 1:12–CV–903, 2014 WL 809206, *3, n. 10 (N.D. Ohio Feb.25, 2014) (Lioi, J.). The statute of limitations began to run on the following day and expired 65 days later, on August 19, 2019. Petitioner waited more than six months, until March 5, 2020, to execute this federal habeas corpus

---

[1] Petitioner had thirty days to file an appeal. *See* Ohio Appellate Rule 4(A). That date, however, fell on a weekend and so the deadline is extended to the following Monday.

petition. Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner, however, contends that this action is timely under the provision of 28 U.S.C. § 2244(d)(1)(D), that he acted diligently in pursuing his claims, and that the statute of limitations did not begin to run until September 3, 2019, the date that he exhausted Rule 26(B) proceedings. (*Reply*, ECF No. 12, PAGEID # 268.) Petitioner does not clarify, and this Court is unable to determine from the record, the basis for the proposed September 3, 2019, starting date. In any event, these arguments do not assist him.

Under the provision of 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

> [T]he time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000). Also, under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *Id.* In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Sorce v. Artuz,* 73 F.Supp.2d 292, 294-95 (E.D.N.Y. 1999). Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts[.] *Tate v. Pierson,* 177 F.Supp.2d 792, 800 (N.D. Ill. 2001)(citing to *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). Furthermore, a habeas petitioner has the burden of proof in establishing

5

that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed.Appx. 801, 804 (6th Cir. 2002).

*Monford v. Shoop*, No. 2:19-cv-3491, 2019 WL 6044160, at *1 (S.D. Ohio Nov. 15, 2019) (quoting *Gilbert v. CCA Halfway House*, No. 2:16-cv-00781, 2016 WL 4417494, at *3 (S.D. Ohio Aug. 19, 2016)) (quoting *Redmond v. Jackson*, 295 F.Supp.2d 767, 771 (E.D. Mich. 2003)).

Here, the factual predicate for Petitioner's claims would have been known to him at the time of the entry of his guilty plea. Nonetheless, Petitioner failed to file a timely appeal. He did not pursue a delayed appeal. He waited 304 days to pursue his claims through the filing of a motion to withdraw his guilty plea. Further, he never filed an appeal to the Ohio Supreme Court in Rule 26(B) proceedings. He waited more than ten months after the appellate court had dismissed that action to execute this habeas corpus petition. Petitioner does not explain this delay. Petitioner does not allege, and the record does not reflect, that any state action prevented him from timely filing. Further, as discussed, this Court has rejected the argument that the filing of a motion to withdraw a guilty plea re-starts the running of the one-year statute of limitations under the provision of 2244(d)(1)(A). *See Threats v. Warden, Trumbull Corr. Inst.*, No. 2:19-cv-5020, 2020 WL 2193282, at *3 (S.D. Ohio May 6, 2020) (citations omitted); *Coffey v. Warden, Warren Corr. Inst.*, 2007 WL 951619, at *3-4.

Thus, this action is time-barred.

### III. DISPOSITION

Accordingly, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 11) be **GRANTED** and that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                               _s/ *Elizabeth A. Preston Deavers*_____
                                               ELIZABETH A. PRESTON DEAVERS
                                               CHIEF UNITED STATES MAGISTRATE JUDGE