IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DYLAN M. BROWN,

          Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

          Respondent.

Case No. 2:20-cv-1295

Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

On October 23, 2020, final Judgment was entered dismissing the petition for a writ of habeas corpus as barred by the one-year statute of limitations. (ECF No. 15.) On November 5, Petitioner filed a Motion for Reconsideration (ECF No. 16), requesting consideration of his objections to the Magistrate Judge's Report and Recommendation ("R&R"), filed on October 5. According to Petitioner, he did not timely receive notification of the Magistrate Judge's R&R and failed to timely file objections in part due to delays caused by COVID-19. Therefore, Petitioner's Motion for Reconsideration is **GRANTED**. (ECF No. 16.) The Court **VACATES** the final Judgment of dismissal of this action for consideration of Petitioner's objections. (ECF No. 15.)

Pursuant to 28 U.S.C. § 636(b), this Court conducts a de novo review of the Magistrate Judge's R&R. Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred under the provision of 28

U.S.C. § 2244(d)(1)(A). Pointing to *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020), Petitioner argues that the one-year statute of limitations did not begin to run under the provision of § 2244(d)(1)(D)[1] until December 13, 2018, the date that the state appellate court affirmed the trial court's denial of Petitioner' s motion to withdraw his guilty plea. This argument is without merit.

The Sixth Circuit held in *Sexton* that the one-year statute of limitations does not begin to run on a claim that the state appellate court violated due process in denying a motion for a delayed appeal until the date that the appellate court denies the motion for a delayed appeal. "Discovery of that predicate obviously cannot occur [until] the denial occurs." *Duett v. Warden*, No. 1:19-cv-725, 2020 WL 4933892, at *3 (S.D. Ohio Aug. 24, 2020). Thus, a habeas petition brought within one year of the denial of a motion for a delayed appeal will be timely under the provision of 28 U.S.C. § 2244(d)(1)(D). *Id.* (citing *Sexton*, 968 F.3d at 613).

Petitioner, however, does not raise this same issue here. Petitioner never pursued a motion for a delayed appeal. He challenges his December 6, 2016 convictions in the Franklin County Court of Common Pleas on eight counts of robbery pursuant to his guilty plea. He asserts that he was denied the effective assistance of counsel because his attorney failed to request a competency hearing or mental health evaluation, and that his guilty plea was not knowing, intelligent or voluntary. (*Petition,* ECF No. 1, PAGEID # 4, 6.) Petitioner raised these same issues

---

[1] 28 U.S.C. § 2244(d)(1)(D) provides that the one-year statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

in his November 16, 2017 motion to withdraw his guilty plea. *See State v. Brown*, 2018 WL 6571195 (Ohio App. 10th Dist. Dec. 13, 2018). On December 13, 2018, the appellate court affirmed the trial court's denial of that action. *Id*. However, Petitioner waited until March 5, 2020, to execute this habeas corpus petition. Thus, even assuming, *arguendo*, that the reasoning of *Sexton* applies, it does not assist him. This action is plainly time-barred.

For these reasons and for the reasons detailed in the Magistrate Judge's R&R, Petitioner's objections are **OVERRULED**. The R&R (ECF No. 13) is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss (ECF No. 11) is **GRANTED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, 135 S.Ct. 2647, 2650 (2015) (Sotomayor, J., dissenting); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

3

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as unexhausted and time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE

4